# United States District Court
# District of Columbia

| | |
|---|---|
| United States of America | ) |
| | ) |
| vs. | ) Case No. 1:22-CR-00038-BAH |
| | ) |
| Jolene Eicher | ) |

## Motion to Dismiss Information with Alternative Motion to Exclude Contents of Cell Phone and for Other Relief[1]

Matthew Hill
Assistant Federal Public Defender
201 Abingdon Pl
Suite 201
Abingdon, VA  24210

---

[1] Counsel apologizes to the Court for the disjointed presentation of the arguments herein.  The prayed relief of dismissal only seemed proper after actions of the Government as set out below.

Ms. Eicher was arrested on January 31, 2022. When she was arrested government agents seized her cellular telephone. That telephone, hereinafter "the device", has remained in the custody of the government since that day more than 16 months ago. At 6:47 p.m. Eastern time on June 1, 2023 the Government's attorney emailed counsel stating, in part, "The FBI has recently been able to unlock the defendant's cellphone and is processing an evidence copy."[2]

The Government provided some of the contents of the device on June 5, 2023. The Government has stated that they will be providing the undersigned with the full download of the device via overnight delivery. The full contents of the device are unknown. The device may contain information that inculpates Ms. Eicher. It may contain *Brady* material. The failure of the Government to provide this evidence to the Defendant before this time violates both Rule 16 and *Brady*.

Shortly before filing this motion, around noon on June 6, 2023, undersigned counsel received a hard drive from the Government purporting to contain the contents of the cellular telephone. Here is a photograph of everything that was received from the Government:

---

[2] Based on previously provided discovery it appears that Government agents attempted to unlock the phone on January 31, 2022 but were not successful. What technological leaps may have interceded and when are unknown to the Defendant.



This is labeled as a Seagate Desktop HDD. There was no cable included with this piece of hardware. Counsel is now urgently trying to contact his IT individual to see if it is possible to access this hard drive. A drive which appears to have been pulled directly from a desktop computer. This evidence is not accessible by the Defendant. The Court should treat this as a willful action on the part of the Government to thwart Ms. Eicher's right to a fair and speedy trial.

Producing this evidence in this format less than 6 calendar days before the beginning of this trial shows a shocking disregard of the rules regarding discovery as well as the Defendant's right to due process and effective assistance of counsel. The Defendant now seeks the extreme remedy of dismissal with prejudice.

After consulting with counsel's inhouse IT specialist it is believed that the following steps would need to be taken to access the contents of this discovery:

> The phone discovery you received was sent to you on a SATA hard drive. These hard drives are not easily usable like a USB flash drive or USB "external" hard drive. SATA drives are used internally on desktop computers. To attempt to access this data we have a couple of options which will unfortunately complicate the process and delay your ability to view the data. This data should have been sent to you on proper media such as a USB external hard drive so that you could quickly view it.
>
> Option 1- I have special SATA to USB adapter cables here in Roanoke. I could drive to Abingdon and connect the adapter to your SATA hard drive and utilize a laptop to start copying the data off of the drive. Once it's copied over to more friendly media you can view the data. Most phone dumps, at a minimum, are 100GB. Copying this data will take at least a couple of hours after I setup the adapters, etc.
>
> Option 2- I can load an older desktop computer and attach the drive internally. Once the desktop is setup I can start copying the data onto usable media such as a USB hard drive. Both of these options will take a few hours plus my driving time at a minimum to complete.

With the Government's choice to provide the Defendant discovery in this format they have, effectively, not provided discovery. Discovery which they in fact have, have reviewed, and that they believe contains evidence admissible at next week's trial. This is shocking and deserving of the harshest sanction. Dismissal with prejudice is the only sanction appropriate for this purposeful action which violates Ms. Eicher's rights.

If this were just a matter of the Government providing late discovery it would be shocking enough to warrant dismissal.  What makes this more egregious is the timing and format.  We proceed to trial in six days.  Counsel for the Defendant entered his appearance on March 24, 2023, 74 days ago.  The Defendant has diligently been preparing for trial and will be prepared on time.  The Government charged Ms. Eicher and she first appeared on this matter on January 31, 2022, some 491 days ago.  With the late provision of discovery counsel must turn his attention from final trial preparations to trying to discern what new information has been provided by the Government and drafting this motion.  All of this conduct warrants dismissal with prejudice.

Alternatively, should the Court not grant the extreme remedy of dismissal, Ms. Eicher moves this Court to exclude as evidence the contents of her cellular telephone.  This Court entered orders regarding *Brady* material, ECF 10 on February 7, 2022; protective orders regarding discovery, ECF 16 on February 17, 2022; and disclosure of other items protected by Rule 6(e) or otherwise sealed, ECF 17 also February 17, 2022.  The Government now states that they have additional discovery to provide to the Defense, the contents of her cellular telephone.  The Court should exclude any such evidence.

Dismissal for the late disclosure, in a format that is effectively unreadable, will deter similar misconduct by Government attorneys in the future.  As Courts often note, sentences are imposed on defendants, in part,

to deter misconduct. The Court should dismiss the Information here for the same reason.

## Rule 16 Violations

Rule 16 requires the Government to provide written statements of the Defendant in their possession, Rule 16(a)(1)(B)(i). Further, the contents of this device should have been produced as required by Rule 16(a)(1)(F). The Government's failure to produce this information before now warrants exclusion of this evidence. Rule 16(d)(2)(C) describes the relief requested for these failures. The Court should so order.

## Due Process Protection and *Brady*

Authority to impose a sanction for discovery violations was recently broadened. On October 21, 2020, the Due Process Protections Act was signed into law, requiring judges to issue oral and written orders confirming not only a prosecutor's disclosure obligations under *Brady* and its progeny, but also the consequences for violating those obligations. *See* Fed. R. Crim. P. 5(f) (2020); Pub. L. No. 116-182 (2020). This further affirms the Court's ability to take action to deter misconduct. The fact that the Congress enacted the Due Process Protection Act demonstrates that prosecuting authorities fail at times to meet their obligations and that the Courts have the ability to correct such failures. The Defendant seeks such corrective action.

The device may contain *Brady* material. The Court's *Brady* order required production of such evidence. The Government failed in their obligations under the

law and this order. The Court's *Brady* order describes some of the actions this Court could enter for violations. Ms. Eicher now seeks such relief.

The relief Ms. Eicher seeks, in addition to exclusion as stated above, is: an instruction to the jury that the Government has unreasonably delayed their investigating the device; an instruction that the jury may assume that the delay was purposeful; an instruction that this delay was done to harm Ms. Eicher's defense; and an instruction that this conduct by the Government should weigh against the Government's evidence and the credibility of the Government's witnesses.

The Defendant <u>is not seeking a continuance of the trial of this matter</u>. Ms. Eicher should not be forced to choose between a speedy trial and a fair one. The relief requested herein maintains the balance of a speedy and fair trial.

Respectfully Submitted,
**Jolene Eicher**
By Counsel

JUVAL O. SCOTT
Federal Public Defender
Western District of Virginia

**Matthew Hill**
Assistant Federal Public Defender
Missouri State Bar No. 47889
New Hampshire State Bar No. 18864
Arkansas State Bar No. 2018170
Attorney for the defendant
Federal Public Defender's Office
201 Abingdon Place
Abingdon, VA 24211
Telephone: (276) 619-6086
Fax: (276) 619-6090
matt_hill@fd.org

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing document was electronically filed and will be forwarded to the Assistant United States Attorney, this 6th day of June, 2023.

s/Matthew Hill